IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SERVICE CASTER CORPORATION,<br><br>Defendant. | )<br>)<br>) CIVIL ACTION NO. 5:19-CV-04525<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT DECREE

Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), commenced this action on September 30, 2019, in the United States District Court for the Eastern District of Pennsylvania against Defendant Service Caster Corporation. The Commission asserted claims arising under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"), alleging that Defendant discriminated against Charging Parties Vicente Sepulveda, Hiram Santana, and Fredymar Perez by subjecting them to employment practices made unlawful by Title VII, including a hostile work environment and disparate treatment because of their national origin (Puerto Rico) and religion (Pentecostalism), and unlawfully retaliating against them for exercising their rights under Title VII. Defendant denied all claims.

EEOC and Defendant enter into this Consent Decree to resolve this action and all claims asserted in the Complaint and to promote and effectuate the purposes of Title VII.

The Court finds that it has jurisdiction over the subject matter of this action and the parties for the purpose of the action, entry of this Consent Decree, and all proceedings related to the Consent Decree.

1

The Court, having examined the terms and provisions of the Consent Decree, further finds that it is reasonable and just in accordance with the Federal Rules of Civil Procedure and Title VII. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties, those for whom the EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

<u>DEFINITIONS</u>

A.  "Defendant" means Service Caster Corporation, and its owners, officers, and directors.

B.  "Commission" or "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government.

C.  "Charging Party" means Vicente Sepulveda, Hiram Santana, or Fredymar Perez.

D.  "Day" or "days" means calendar days.

E.  "Effective Date" means the date this Decree is docketed by the Clerk of Court after it is signed by or receives approval from the Court.

F.  "Employee" means any worker of Service Caster Corporation including permanent, overtime, part-time, or temporary placed by any agency.

G.  "Expiration Date" means the date thirty (30) months from the Effective Date of this Decree.

<u>GENERAL PROVISIONS AND COURT ENFORCEMENT POWERS</u>

1.  This Decree constitutes full discharge and satisfaction of all claims that were alleged in the Complaint filed in this action by the EEOC.

2.  EEOC and Defendant shall bear their own attorney's fees and costs incurred in connection with this action.

3.  This Court shall retain jurisdiction to enforce the terms of this Consent Decree and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

## GEOGRAPHIC SCOPE AND DURATION OF DECREE

4. This Consent Decree shall apply to all facilities owned or operated by Defendant throughout the United States.

5. This Consent Decree shall become effective on the date of its entry by the Court and shall remain in effect until the Expiration Date.

## INJUNCTION

6. Defendant, its officers, directors, agents, employees, successors in interest, assigns, and all persons in active concert or participation with it or on its behalf are enjoined and restrained from engaging in any employment practice that discriminates against employees on the basis of national origin or religion, including but not limited to creating, facilitating, or tolerating the existence of a hostile work environment because of national origin or religion or taking any adverse action, or adversely altering the terms or conditions of employment, because of national origin or religion.

7. Defendant, its officers, directors, agents, employees, successors in interest, assigns, and all persons acting in concert with it or on its behalf are hereby enjoined and restrained from any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

8. Defendant shall pay to Charging Parties monetary relief in the total amount of eighty-five thousand dollars ($85,000.00) representing total back pay, compensatory damages, and other damages in amounts to be determined by EEOC as to each Charging Party, and communicated to Defendant by EEOC within ten (10) days of the Effective Date of the Agreement. Defendant shall

make such payments within twenty-one (21) days after EEOC informs Defendant of the amount of each payment.

9. Such payments shall be made to each Charging Party in two separate checks in accordance with the following:

    a. Defendant shall issue one check for the back-pay amount, less applicable and usual federal, state, and local withholdings and for which a W-2 wage payment statement shall issue; and a second lump sum check for the compensatory and other damages amount for which second payment no withholdings shall be made and a Miscellaneous Income Statement will be issued by Defendant and to which a W-9 Form shall be completed and provided to Defendant by EEOC.

    b. Within five (5) days of the execution of this Decree, EEOC shall provide Defendant with each Charging Party's current address together with a fully executed IRS Form W-4 and Form W-9 from each Charging Party.

    c. Defendant shall send the checks directly to each Charging Party, by certified mail, return receipt requested, at the current address listed on the Form W-4 of each Charging Party, which certified mailings EEOC shall notify the Charging Parties are being delivered by Defendant, and shall ensure Charging Parties are advised of the need to sign the receipts.

    d. Defendant, by counsel, shall send a photocopy of the checks and related correspondence to Senior Trial Attorney Melanie M. Peterson at EEOC's Philadelphia District Office at the address set forth at Paragraph 31 below, and shall similarly ensure copies of the return receipts are delivered to Attorney Peterson.

    e. On or before the date required by the Internal Revenue Service for the 2020 tax year, Defendant shall issue to each Charging Party an IRS Form W-2 for the 2020 tax year to document the back-pay settlement amount and an IRS Form 1099 for the 2020 tax year to document the compensatory and other damages settlement amount.

4

## EQUAL EMPLOYMENT OPPORTUNITY OFFICER

10.     Pamela Manz is designated as the Equal Employment Opportunity Officer ("EEO Officer"), an officer or high-level management official of Defendant possessing the knowledge, capability, organizational authority, and resources to monitor and ensure Defendant's compliance with the terms of the Consent Decree, and for investigating and responding to complaints of discrimination and harassment that individuals make in accordance with the policies set forth in Paragraphs 13-18.  Counsel for Defendant shall ensure and certify to EEOC that prior to the Effective Date of this Decree, Pamela Manz, as EEO Officer, shall have a reasonable base of knowledge regarding equal employment opportunity law, including Title VII and other antidiscrimination statutes, lawful methods and techniques for investigating and responding to employee complaints of discrimination and harassment, and human resource management. Pamela Manz shall assume on the Effective Date the responsibility of monitoring and ensuring Decree compliance and shall further be held accountable hereunder for carrying out her responsibilities as EEO Officer.  Defendant shall ensure that the EEO Officer receives all training and assistance necessary to carry out her/his duties in a proficient manner.  If Defendant has notice at any time during the term of this Consent Decree that the EEO Officer is unable or unwilling to proficiently perform his/her assigned responsibility, or the EEO Officer is no longer employed by Defendant, it shall identify and assign a new EEO Officer within ten (10) days of such notice.  Any successor EEO Officer shall be subject to the terms and conditions contained in Paragraphs 10-12 of this Decree.

11.     Persons ineligible for the EEO Officer role and who, therefore, shall not be designated as EEO Officer include the following:  Jenry Arias and Ronald Manz.

12.     Defendant shall provide written notice to EEOC within ten (10) days of entry of this Decree of the full name, job title, work experience, education, and training history (including, but not

5

limited to, all equal employment opportunity and human resource education/training) of any EEO Officer designated under this Decree

### EEO POLICIES AND PROCEDURES

13.     Defendant shall, through creation or revision, and to the extent such policies are not already in place at Defendant's plant facilities, bring all its employment policies and practices into compliance with federal anti-discrimination laws ("EEO Policies and Procedures"), and which shall include an anti-discrimination policy and complaint procedure.  Defendant's EEO Policies and Procedures shall apply to all employees (as defined herein).   If not already in such form, the policies shall be written in plain and simple language in both English and Spanish.  Defendant shall take all reasonable care to ensure the accuracy of the Spanish-language translations.

14.     Defendant's anti-discrimination policy shall include at a minimum the following:

        a.      It shall explain, define, and prohibit discrimination, including harassment and hostile work environment, on any protected category under Title VII (i.e., sex, race, national origin, religion, and color) and retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in any investigation whether internal or external of a charge or claim of discrimination under Title VII.

        b.      Examples of the kinds of discriminatory and retaliatory conduct prohibited.

        c.      A statement of Defendant's commitment to equal employment opportunity; establishing and maintaining a work environment free of unlawful discrimination, harassment, and retaliation; and compliance with federal laws concerning employment discrimination; and include a statement that discrimination and harassment will not be tolerated and anyone found in violation of the policy will be subject to disciplinary action, up to and including termination.

15.     Defendant's complaint procedure shall be designed to encourage employees to come forward with complaints regarding violations of its policy against discrimination, harassment, and

6

retaliation, in accordance with its policies and complaint procedures defined herein, and include, at a minimum, the following provisions:

      a.      A statement that employees are expected to use these policies without fear of retaliation for doing so;

      b.      A statement that complaints may be made orally or in writing;

      c.      Identification of employees to whom any employee can make a complaint, including permitting employees to report a claim of discrimination or harassment to any managerial or supervisory employee, owner, officer, human resources personnel, or the EEO Officer;

      d.      A statement that employees may directly contact the EEOC with any complaints or observations of discrimination, harassment, or retaliation and shall provide the EEOC's contact information as follows: U.S. Equal Employment Opportunity Commission at www.eeoc.gov, (800) 669-4000, or (800) 669-6820 (TTY);

      e.      A statement that Defendant will not subject employees to retaliation of any kind for contacting the EEOC;

      f.      A statement that if an employee who is limited in his or her ability to understand English needs assistance to submit a complaint with Defendant, Defendant shall provide translation assistance as described herein to assist the employee in making the complaint, at no cost to the employee;

      g.      A statement that making complaints to the person who is allegedly perpetrating the discrimination, harassment, or retaliation is not required under any circumstances;

      h.      Encouragement for employees to promptly report discrimination and harassment;

      i.      Assurances that complainants shall not be subjected to retaliation and that complaints will be kept confidential to the extent practicable under the circumstances; and

7

j.      A requirement that all supervisors, managers, directors, shareholders, partners, and owners have a duty to actively monitor the work environment to ensure that it is free of prohibited discrimination, harassment, and retaliation and to report any observations or complaints of any discrimination, harassment, or retaliation to the EEO Officer; and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination.

16.    During the course of conducting any investigation of any potential or alleged national origin or religious discrimination (including but not limited to harassment or disparate treatment) or retaliation, Defendant shall determine whether any past complaints of national origin or religious discrimination or retaliation were made involving, or past investigations of national origin or religious discrimination or retaliation were conducted involving, the same individual(s) alleged or reported to have participated or been involved in the pending complaint or investigation. Defendant shall train all of its personnel conducting investigations of any potential or alleged national origin or religious discrimination or retaliation or who are otherwise involved in decision-making regarding those investigations, that such information of past complaints or investigations must be considered when considering or assessing any potential or alleged complaint of national origin or religious discrimination or retaliation regardless of when the past complaint was made or the disposition of the past investigation.

17.    Defendant shall submit for review and comment by the EEOC its EEO Policies and Procedures within thirty (30) days of the Effective Date of the Decree.  Defendant, by its counsel, shall discuss in good faith and attempt to reach agreement with EEOC on any portions of those policies that EEOC finds objectionable.

18.    Defendant shall distribute to each of its employees a copy of Defendant's revised EEO Policies and Procedure within thirty (30) days of EEOC's final approval of the revised employment policies and proposed policy.  Defendant shall distribute a copy of its revised EEO Policies and

Procedure to each subsequently hired temporary or permanent employee at the time of hire during new employee orientation or training and shall explicitly reference the EEO Policies and Procedures.

INTERPRETER FOR THE LIMITED ENGLISH PROFICIENT

19.     Defendant shall ensure that interpreting and translating services from Spanish to English for employees with limited English proficiency are readily available at the work site to assist in direct communications between Defendant's owners or managers and Defendant's employees concerning all matters defined in this Decree, including any complaint of harassment, discrimination, retaliation, or other worker mistreatment.

20.     All interpreters and translators must be fluent in both English and Spanish and be made available to employees at no cost to the employee.

21.     In the event of the need for translation or interpretive services, an employee may elect to identify from Defendant's employee roster and have at least one but no more than two Spanish-speaking persons asked to assist with or provide translation and interpretive services in communicating and translating Spanish to English regarding all matters defined in this Decree, including any complaint of national origin or religion, or retaliation made in this workplace.  In addition, Defendant shall notify any complaining party in its policies and at the time of identifying the need for any translation or interpretive services, that the Hispanic Center or Centro Hispano of 501 Washington Street, Reading, PA 19601 (610) 685-1265 is available to assist or provide such services.  Defendant shall take all reasonable care to ensure the accuracy of the Spanish-language translations; and, in the event there is an expense for such services, pay for those services without requiring the employee to contribute any money towards the payment for such services.

EEO TRAINING

22. Defendant shall provide to all employees, including all owners, supervisory, management, and human resources personnel no fewer than two (2) hours of live training regarding discrimination made unlawful by Title VII, with special emphasis on discriminatory treatment based on national origin and religion, Defendant's policies prohibiting discrimination and retaliation, consequences of engaging in conduct prohibited by Title VII and Defendant's policies, and other related topics. To the extent the training is provided to a combined audience that includes employees who are owners, supervisors, or managers, at least one additional hour of training and discussion shall be provided to employees as part of any training session, which additional session shall not include owners, supervisors, or managers, and which additional one hour training period will be dedicated to addressing complaint procedures defined herein and managerial/supervisory/owner responsibilities discussed in training. This training shall be provided within sixty (60) days of the lifting of the following orders issued by Tom Wolf, Governor of Pennsylvania: Business Closure Order of March 19, 2020, as applicable to Defendant, and the Order to Stay at Home issued to all individuals on April 1, 2020, which Orders were issued to combat the spread of Covid-19 in the Commonwealth of Pennsylvania, and annually thereafter for the duration of this Decree, and within five (5) days of the first day of work for all new supervisors, managers, and human resources personnel. All training described in this paragraph shall be provided by a law firm, which may include Kozloff Stoudt provided Kozloff Stoudt agrees not to represent itself in any way as an EEOC approved trainer (with the exception that Attorney Jeffrey R. Elliott, the Defendant's attorney of record in this matter shall not conduct such training) or any other law firm to which EEOC agrees, at Defendant's own expense. Defendant shall have the option of video-recording the first training session and then fulfilling its duty to provide subsequent training sessions required by this Consent Decree by requiring attendance of trainees

10

at a viewing of the video-recording. Within fifteen (15) days of training described herein, a list of the names, job titles, and work locations of attendees, and all written materials from the training shall be submitted to EEOC counsel of record for review.

RECORDKEEPING AND REPORTING REQUIREMENTS

23.     On a quarterly basis beginning three (3) months from the Effective Date and continuing for the duration of this Decree, Defendant shall report to EEOC whether any complaints (formal or informal) of national origin or religious discrimination or retaliation have been made during the three-month period preceding each report, and, if so, shall provide EEOC with copies and descriptions of complaints made, detailed explanations of Defendant's actions taken in response to the oral or written complaints, including any investigative and corrective measures taken, documents reflecting any investigation Defendant conducted concerning such complaints, and the identities and contact information for complainants.

24.     Regarding each charge, complaint, or report (whether formal or informal, oral or written) and each investigation of potential or alleged national origin or religious discrimination or retaliation made during the term of this Consent Decree, Defendant shall compile an investigative file which shall contain the following: the name, home address, home telephone number and cell phone number (as applicable), job title, and social security number of each complainant and potential victim; the date of the charge, complaint, or report; the date/s on which the incident/s allegedly occurred; the location/s where the incident/s took place; the specific allegations that were made; the name, home address, home telephone number and cell phone number (as applicable), job title, and social security number of each person allegedly involved in discrimination or retaliation and of each potential witness; the complete substance of any statements made by each complainant, potential victim, person allegedly involved in discrimination or retaliation, and each witness; a detailed description of all actions taken to investigate the charge, complaint, or report;

11

and a detailed description of Defendant's conclusions regarding the charge, complaint, report, or investigation and any corrective action taken in response to the charge, complaint, report, or investigation. Defendant shall also retain with the investigative file any other documents created or obtained in relation to a charge, complaint, report, or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications. Defendant shall retain all of the aforementioned records for the duration of this Consent Decree.

25. For the duration of this Decree and for at least one year thereafter, Defendant shall retain all personnel, payroll, and other employment records or documents of any character related to any person complaining of or otherwise reporting national origin or religious discrimination or related retaliation.

26. For the duration of this Decree and for at least one year thereafter, Defendant shall retain all personnel, payroll, and other employment records or documents of any character related to any person who is involved (including but not limited to those identified as accused perpetrators) in any potential or alleged charge, complaint, or report of national origin or religious discrimination or retaliation and of any person who was identified as a potential witness or who provided any information concerning any such charge, complaint, or report.

27. Defendant shall produce to EEOC copies of all documents described in Paragraphs 23 and 24 within ten (10) days of EEOC's request for such documents.

On an annual basis throughout the duration of this Decree, Defendant shall conduct reasonable auditing of its record-retention practices to ensure compliance with this Decree and report the results of its audit to EEOC within five (5) days of the audit

### NOTICE TO BE POSTED

28. Within five (5) days of the Effective Date of this Decree and for the remainder of the duration of the Decree, Defendant shall post a copy of the Notice, attached hereto as Exhibit A, in

12

a conspicuous location in the facility covered by this Consent Decree where employee notices customarily are posted. The Notice shall be posted in both English and Spanish and shall be signed by Defendant's Owner with the date of actual posting showing thereon. The Notice shall remain posted until the Expiration Date of the Consent Decree. If the Notice is retyped or copied, the font size that appears on the Notice shall not be smaller than the font size used in Exhibit A. If multiple pages are used for each Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration). In addition, to the extent it has not already done so, Defendant shall post notice of all applicable federal equal employment opportunity laws and all other notices required by law; it will be sufficient to comply with this requirement to publish and post conspicuously the traditional red, white and blue laminated summary of federal workplace laws now available through EEOC or online. In the event that any of the aforementioned notices becomes defaced, marred or otherwise unreadable, Defendant shall immediately post a readable copy of such notices.

29. Within ten (10) days of the Effective Date of this Decree, Defendant shall provide a copy of the Notice described above in Paragraph 29 to each of its employees.

30. Defendant shall certify to the EEOC in writing within ten (10) days after entry of the Consent Decree that the notice required by Paragraph 29 has been properly posted. Defendant shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours with reasonable prior written or electronic notice to Defendant's attorneys at address, or email of Defense counsel provided herein.

## SUBMISSION OF REPORTS AND NOTICES

31. All notifications and reports required to be submitted under this Decree to EEOC shall be made in writing and shall be verified by oath or under penalty of perjury by an officer, director, or

owner of Defendant. They shall be hand-delivered or sent by overnight mail or commercial carrier or First-Class U.S. mail or electronic mail to the following EEOC representative (or to her designated successor):

>Melanie M. Peterson, Senior Trial Attorney
>Equal Employment Opportunity Commission
>Philadelphia District Office
>801 Market Street, Suite 1300
>Philadelphia, PA 19107
>melanie.peterson@eeoc.gov

32. All notices or other communications from EEOC to Defendant regarding this Decree shall be provided to the following counsel to Defendant as the term is used herein:

>Jeffrey R. Elliott, Esquire
>Kozloff Stoudt
>2640 Westview Drive
>Wyomissing, PA 19610
>jelliott@kozloffstoudt.com

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

33. If a court action is initiated seeking compliance with this Decree, each party shall bear its own costs, expenses, and attorney's fees incurred in connection with such action, unless otherwise ordered by the Court.

34. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Eastern District of Pennsylvania, and any action to enforce this Decree shall be brought, if possible, before the judge who enters this Decree.

35. EEOC, its agents, and its employees shall in their discretion have the legal authority to enter any facility owned or operated by Defendant, with reasonable notice to Defendant and its counsel, and conduct an on-site inspection to ensure compliance with Title VII and any of the terms of this Decree for the duration of the Decree. Such inspections may, at the discretion of EEOC, include access to any and all documents for the purposes of inspection and duplication;

interviews or depositions of any persons; inspection of any area within the facility; and any other investigatory technique or procedure permitted by Title VII or EEOC's regulations.  Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964, the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act of 2008, and any statute over which EEOC is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## MISCELLANEOUS

36. This Decree may be executed by the Parties in counterparts.

37. The terms of this Decree shall be binding upon all present and future parent corporations of Defendant; all present and future subsidiaries of Defendant; all present and future owners, directors, officers, managers, agents, administrators, representatives, successors, assigns of Defendant, and all persons acting in concert with it or on its behalf.  Defendant, and any successor(s), shall provide a copy of this Decree and the Complaint to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger.  This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

38. This Decree constitutes the entire agreement and commitments of the parties.  Any modifications to this Decree must be mutually agreed upon and memorialized in a separate writing signed by an officer of Defendant and the EEOC and approved by the Court.

39. If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

**IT IS AGREED:**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

*Melanie M. Peterson (for)*
DEBRA M. LAWRENCE
Regional Attorney

*Melanie M. Peterson (for)*
KATE NORTHRUP
Supervisory Trial Attorney
EEOC Baltimore Field Office
GH Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6702
Kate.northrup@eeoc.gov

*Melanie M. Peterson*
MELANIE M. PETERSON
Senior Trial Attorney
EEOC Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(267) 589-9759
melanie.peterson@eeoc.gov

Dated: *April 28, 2020*

**SERVICE CASTER CORPORATION**

*Ronald T. Manz*
RONALD T. MANZ, JR., OWNER

*Jeffrey Elliott*
JEFFREY R. ELLIOTT, Esq.
KOZLOFF STOUDT
2640 Westview Drive
Wyomissing, PA 19610
(610) 670-2552
jelliott@kozloffstoudt.com

*Attorneys for Defendant Service Caster Corporation*

Dated: *April 27, 2020*

**IT IS SO ORDERED:**

DATED: April 29, 2020

/s/ Edward G. Smith
HONORABLE EDWARD G. SMITH
United States District Judge

16

**EXHIBIT A**
**(See next page.)**

**EXHIBIT A**
**(See next page.)**

<u>**NOTICE TO ALL EMPLOYEES**</u>

<u>**POSTED PURSUANT TO CONSENT DECREE ISSUED BY THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**</u>

This Notice is being posted pursuant to a federal court order in the matter of *EEOC v. Service Caster Corporation,* Civil Action No. 5:19-cv-04525, resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against Service Caster Corporation ("Service Caster").  **This Notice must remain posted for thirty (30) months from the date shown below.**

To resolve the lawsuit, Service Caster and EEOC have entered into a Consent Decree which provides, among other things, the following relief.

1. Service Caster will provide monetary relief to aggrieved individuals.

2. Service Caster is enjoined and prohibited from discriminating against applicants and employees because of their religion or national origin, including disparate terms and conditions of employment and harassment because of religion or national origin.

3. Service Caster is enjoined and prohibited from retaliating against any person because that person engages in any protected activity under Title VII, including but not limited to complaining about or reporting alleged discrimination or retaliation, participating in any internal investigation of such matters, or opposing any conduct made unlawful by Title VII.

4. Service Caster will provide mandatory training regarding prohibiting employment discrimination and retaliation to all current and future managers, supervisors, and employees/workers.

5. Service Caster will adopt EEO Policies and Procedures compliant with federal anti-discrimination laws, publish them in both English and Spanish, and distribute to all employees, workers, and managers.

6. EEOC will monitor Service Caster's compliance with the terms of the Consent Decree.

EEOC enforces federal laws against discrimination in employment on the basis of sex, pregnancy/childbirth/related medical conditions, race, color, religion, national origin, age, disability, or genetic information.  If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact the EEOC and report that discrimination or retaliation.  EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at <u>info@eeoc.gov</u>.  EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

<u>**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**</u>

_____          _____
Date                                                    Ronald T. Manz, Jr., Owner, Service Caster Corporation

**AVISO A TODOS LOS EMPLEADOS**

**PUBLICADO DE CONFORMIDAD CON EL DECRETO POR CONSENTIMIENTO EMITIDO POR EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO ESTE DE PENNSYLVANIA**

Este Aviso se publica de conformidad con una orden judicial federal sobre la causa de *EEOC contra Service Caster Corporation*, Acción Civil No. 5:19-cv-04525, para resolver una demanda de la Comisión para la Igualdad de Oportunidades en el Empleo de EE. UU. (Equal Employment Opportunity Commission, "EEOC"), un organismo del gobierno de los Estados Unidos, contra Service Caster Corporation ("Service Caster"). **Este aviso debe permanecer publicado durante treinta (30) meses a partir de la fecha que se muestra a continuación.**

Para resolver la demanda, Service Caster y EEOC llegaron a un acuerdo mediante un Decreto por Consentimiento que dispone, entre otras cosas, la siguiente reparación.

1. Service Caster proporcionará reparación monetaria a los individuos agraviados.

2. A Service Caster se le ordena y se le prohíbe, por orden judicial, discriminar a los solicitantes y empleados debido a su religión u origen nacional, lo cual incluye usar diferentes términos y condiciones de empleo y acoso debido a su religión u origen nacional.

3. A Service Caster se le ordena y se le prohíbe, por orden judicial, tomar represalias contra alguien debido a que esa persona participa en una actividad protegida por el Título VII, lo cual incluye, entre otras, quejarse de o denunciar supuestas discriminaciones o represalias, participar en investigaciones internas de tales asuntos u oponerse a alguna conducta ilegal según lo dispuesto en el Título VII.

4. Service Caster proporcionará capacitación obligatoria sobre la prohibición de discriminación y represalias en el trabajo a todos los gerentes, supervisores y empleados/trabajadores actuales y futuros.

5. Service Caster adoptará políticas y procedimientos de igualdad de oportunidades de empleo que cumplan con las leyes federales contra la discriminación, las publicará en inglés y español y las distribuirá a todos los empleados, trabajadores y gerentes.

6. EEOC vigilará el cumplimiento de Service Caster con los términos del Decreto por Consentimiento.

La EEOC hace cumplir las leyes federales contra la discriminación en el empleo motivada por sexo, embarazo/parto/afecciones médicas relacionadas, raza, color, religión, origen nacional, edad, discapacidad o información genética. Si cree que ha sido discriminado o se han tomado represalias en su contra por oponerse a la discriminación o por denunciarla, las leyes federales disponen que usted tiene derecho a comunicarse con la EEOC y denunciar esa discriminación o represalia. Puede comunicarse con la EEOC al (800) 669-4000, TTY para personas con discapacidad auditiva al (800) 669-6820, o por correo electrónico a info@eeoc.gov.  La EEOC es un organismo federal que vigila el cumplimiento de la ley y no cobra por recibir e investigar quejas.

**ESTE AVISO ES OFICIAL Y NO DEBE SER ALTERADO POR NADIE**

_____                    _____
Fecha                                          Ronald T. Manz, Jr.,  Propietario, Service Caster Corporation